# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN NELSON STAATS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. CIV-11-417-D ) ) |
| ROBIN COBB, et al., | ) ) |
| Defendants. | ) |

## ORDER

Plaintiff, appearing *pro se*, filed this civil rights action pursuant to 42 U. S. C. § 1983. Plaintiff also filed a motion for leave to proceed *in forma pauperis.*

The Complaint [Doc. No. 1] consists only of a list of documents, labeled "Exhaustion of Administrative Remedies." Attached to the Complaint are seven documents which reflect grievances filed by Plaintiff and responses thereto; also included in these documents are judgments entered by the District Court of McClain County, Oklahoma in a criminal case in which Plaintiff appears to have been the defendant. Plaintiff names as defendants the Director of the Department of Corrections, the Warden of "JCCC," and four individuals whose titles indicate that they are employees of "JCCC." Plaintiff does not identify "JCCC;" however, the documents attached to his Complaint indicate this abbreviation refers to the James Crabtree Correctional Center in Helena, Oklahoma. A review of the attached documents indicates Plaintiff was incarcerated at that facility. However, his mailing address and *in forma pauperis* application indicate that he is no longer incarcerated.

Plaintiff's Complaint does not contain any factual allegations identifying the rights he believes have been violated or the reasons he believes a violation occurred; he asserts no allegations

of any kind from which the Court can determine the basis for his claim or why he seeks to hold the named defendants liable, nor does he include any contentions of any wrongdoing by any named defendant. In fact, Plaintiff asserts no factual allegations, and his Complaint consists solely of a listing of the attached documents.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a Complaint must set forth a short and plain statement of the grounds for jurisdiction, the claim for relief, and a demand for the relief sought. A pleading must include facts sufficient to provide the opposing party with fair notice of what the claim is and the grounds upon which it rests. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U. S. 308, 319 (2007). A Complaint must contain sufficient factual allegations to state a claim to relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U. S. 544, 570 (2007).

*Pro se* litigants are not relieved of the obligation to allege sufficient facts to support a proper legal claim. *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Because Plaintiff appears *pro se*, his complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court will not assume the existence of facts not alleged. *Whitney v. New Mexico*, 113 F. 3d 1170, 1173-74 (10th Cir. 1997). In this case, Plaintiff has not alleged an injury or harm for which he seeks relief, and the Court does not have a duty to speculate regarding the harm claimed or the relief requested. *See, e.g., Calderon v. Kansas Dept. of Social and Rehabilitation Services*, 181 F. 3d 1180, 1184 (10th Cir. 1999).

The Complaint wholly fails to satisfy the requirements of the Federal Rules of Civil Procedure. Plaintiff fails to meet the requirements of Rule 8(a); he fails also to allege that he has been harmed as a result of any action or inaction by the named defendants; and he identifies no harm

that could be redressed by a favorable decision of this Court. Accordingly, this action is DISMISSED without prejudice to the filing of a future action if Plaintiff can present sufficient factual allegations to satisfy the foregoing requirements. Plaintiff's application to proceed *in forma pauperis* is denied as moot.

IT IS SO ORDERED this 26th day of April, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE