### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

SHAWN NELSON STAATS,                    )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )        NO. CIV-11-417-D
                                        )
ROBIN COBB, et al.,                     )
                                        )
                    Defendants.         )

### ORDER

Before the Court is Defendants' motion [Doc. No. 36] to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12 (b)(6). Plaintiff, appearing *pro se* and *in forma pauperis*, responded to the motion, and Defendants filed a reply.

Background:

Plaintiff, a former inmate supervised by the Oklahoma Department of Corrections ("DOC"), brings this action pursuant to 42 U. S. C. § 1983. He alleges that his constitutional rights were violated because the DOC did not properly calculate the sentence he served, resulting in a lengthier incarceration than was called for by the judgment entered against him. More specifically, he alleges that an amended judgment entered by the District Court of McClain County provided that the sentence it imposed was intended to run concurrent with a prior sentence resulting from his conviction in the District Court of Oklahoma County. According to Plaintiff, the McClain County amended judgment also provided that the DOC was to retroactively award earned credits on his sentence if he actually served the time imposed by the Oklahoma County District Court. Although his sentences ran concurrently, Plaintiff was not awarded retroactive earned credits. According to Plaintiff, the alleged improper calculation of his release date resulted in his unlawful incarceration for approximately ten months. Plaintiff contends that the failure to properly calculate his release

date constitutes a violation of his Eighth and Fourteenth Amendment rights and caused him to incur damages consisting of lost wages that would have been earned had he been released at the proper time.  He also seeks punitive damages.

Named as defendants are Robin Cobb, Janet Dowling,[1] Becky Guffy, Justin Jones, Mike Rogers, and Jim Rabon.  All are officials of the DOC,[2] and all are sued in both their official and individual capacities.

Defendants jointly seek dismissal, asserting 1) to the extent they are sued in their official capacities, they are immune from liability pursuant to the Eleventh Amendment; 2) to the extent they are sued in their individual capacities, dismissal is required because Plaintiff has failed to allege that they personally participated in the alleged violations of his rights; and 3) even if the individual capacity claims had been adequately alleged, those claims should be dismissed on grounds of qualified immunity.

Standard of review:

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'"  *MacArthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Ashcroft v. Iqbal*, 556 U.S.

---

[1]As Defendants point out, Plaintiff names as a defendant the Warden at the James Crabtree Correctional Center ("JCCC").  Janet Dowling was the Interim Warden at the relevant time, and Defendants refer to her by her name rather than her job title.

[2]The Amended Complaint and the materials submitted as exhibits thereto show that Janet Dowling was the Interim Warden of JCCC; Robin Cobb was Records Officer at JCCC; Becky Guffy was the grievance manager at JCCC; Justin Jones is the Director of the DOC;  Mike Rogers was the Warden's Manager at JCCC; and Jim Rabon is the Administrator of Sentence Administration and Offender Records for the  DOC.

662, 678 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation marks omitted). The Court considers only "well pleaded" allegations; conclusory allegations not supported by factual contentions are insufficient to state a claim on which relief can be granted. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990).

Where, as here, the plaintiff appears *pro se*, the court must construe the pleadings most liberally in his favor. *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The liberal treatment afforded a *pro se* plaintiff does not, however, relieve him of the burden of alleging facts sufficient to permit the Court to conclude that he could arguably prevail on a valid legal theory; the Court will not supply additional  facts, nor construct a legal theory for a plaintiff that assumes facts that have not been pleaded. *Hall*, 935 F.2d at 1110.

Application:

1.  Official capacity claims:

Although Defendants assert Rule 12(b)(6) as the basis for dismissal of the official capacity claims asserted against them, dismissal on Eleventh Amendment immunity grounds is generally analyzed according to Rule 12 (b)(1), as the Court lacks subject matter jurisdiction over claims

barred by Eleventh Amendment immunity. *See, e.g., Muscogee (Creek) Nation v. Pruitt*, 669 F. 3d 1159, 1166 (10th Cir. 2012).

Pursuant to the Eleventh Amendment, a state and its entities are immune from suit by a private individual. "'[N]onconsenting States may not be sued by private individuals in federal court.'" *Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006) (quoting *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (1999)). Eleventh Amendment immunity protects a state or an entity which is an "arm of the state," *Steadfast Ins. Co. v. Agricultural Ins. Co.,* 507 F.3d 1250, 1253 (10th Cir. 2007) (citing *Mt. Healthy City School Dist. v. Doyle,* 429 U.S. 274, 280 (1977)), and also bars claims against state officials sued in their official capacities. *Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765 (2002); *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989); *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985).

As Defendants acknowledge in their motion, an exception to Eleventh Amendment immunity exists where a plaintiff seeks prospective injunctive relief. *Ex Parte Young*, 209 U.S. 123, 159–60 (1908); *Chamber of Commerce v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010). A claim seeking retrospective injunctive relief, however, "does not fall into the *Ex Parte Young* exception to state sovereign immunity." *Buchheit v. Green*, 2012 WL 5909036, at * 1 (10th Cir. Nov. 27, 2012) (unpublished opinion). An injunction seeks retrospective relief where a plaintiff seeks to remedy past injuries. *Id.* Where a plaintiff seeks only "to redress alleged past harms rather than prevent prospective violations of federal law, we can only reasonably categorize such relief as retrospective." *Buchheit,* 2012 WL 5909036, at * 1. Even if a plaintiff characterizes a request for injunctive relief as prospective, the claim is barred if the requested relief is designed to undo a past harm that cannot be remedied by federal court action. *See Opala*, 454 F.3d at 1160. Determining

whether a request for injunctive relief is prospective requires a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (quotation omitted).

In this case, Plaintiff seeks money damages for the harm allegedly resulting from the delay in his release from confinement.  Although he also seeks declaratory and injunctive relief, that relief cannot be prospective because the harm about which he complains has already occurred.  Plaintiff is no longer incarcerated, and the past conduct about which he complains cannot occur again.  Accordingly, the only equitable relief he seeks is a determination by this Court that Defendants' past conduct violated his rights, not that their future conduct could constitute a violation.  Thus, Plaintiff's only equitable claims seek retrospective relief, and do not qualify for the *Ex Parte Young* exception to Eleventh Amendment immunity.

Plaintiff's claims for relief against Defendants in their official capacities are claims for money damages, and those claims are barred by the Eleventh Amendment.  The motion to dismiss the claims asserted against all defendants in their official capacities is GRANTED.

2.  Individual capacity claims

The Eleventh Amendment does not, however, bar claims against state officials sued in their individual capacities.  Thus, a plaintiff may pursue his money damages claims against state officials in their individual capacities because any resulting damages would not be assessed against the state, but would instead be assessed against the individual defendants.

In this case, Defendants argue that the individual-capacity claims must also be dismissed for two reasons.  First, they argue the Amended Complaint fails to state plausible claims for relief

5

against four defendants because it does not allege facts to show how each allegedly personally participated in the claimed constitutional rights violations. Second, they contend that, even if plausible claims for relief had been alleged, Defendants are entitled to qualified immunity from liability as to those claims.

a. Failure to allege personal participation:

Defendants seek dismissal of Plaintiff's claims against Defendants Cobb, Dowling, Rogers, and Jones because Plaintiff has not alleged sufficient facts to show that these defendants personally participated in the alleged violation of his rights. Defendants further argue that Plaintiff cannot do so because Cobb, Dowling, Rogers, and Jones were not authorized to participate in the administration of his sentence or the application of earned credits.

To impose § 1983 liability on a state actor, a plaintiff must show that such actor personally participated in the alleged violation of federal rights. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). "Personal participation is an essential allegation in a Section 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). The Tenth Circuit has emphasized that "complaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants." *VanZandt v. Oklahoma Dept. of Human Services,* 2008 WL 1945344, at *3 (10th Cir. May 5, 2008) (unpublished opinion) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008)). "The *Twombly* standard has greater 'bite' in these contexts, 'reflecting the special interest in resolving the affirmative defense of qualified immunity at the earliest stage of a litigation.'" *Id*. (quoting *Robbins*, 519 F.3d at 1249). "Therefore, in § 1983 cases, a plaintiff must 'make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims

against him or her....'" *VanZandt*, 2008 WL 1945344, at *3 (quoting *Robbins*, 519 F.3d at 1250).

The Amended Complaint in this case reflects that Plaintiff has failed to allege facts to show that Defendants Cobb, Dowling, Rogers, and Jones personally participated in the alleged violation of his rights.

With respect to Defendant Cobb, Plaintiff alleges she is a Records Officer at JCCC, and that he wrote to her to complain that he had not been given retroactive earned credits. Amended Complaint at p. 3. Plaintiff does not, however, allege facts to show that Ms. Cobb, as one of several Records Officers, had the authority to alter his release date. If she did not have such authority, then she could not have participated in the decision that he contends violated his rights. Instead, his allegations in the Amended Complaint suggest he directed a grievance to Ms. Cobb, and she failed to take the action he requested.

According to the Tenth Circuit, such allegations are insufficient to allege personal participation, as "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citing *Whitington v. Ortiz*, 307 F. App'x 179, 193 (10th Cir.2009) (unpublished); *Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir.2007) (unpublished); and *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir.2002)). Absent additional factual allegations supporting a contention that Ms. Cobb was authorized to apply the retroactive credits to Plaintiff's sentence, the Amended Complaint fails to state a claim for relief against her.

For the same reasons, Plaintiff's allegations regarding Warden Dowling are factually deficient. Plaintiff alleges that she was aware that the McClain County Court had issued an

amended judgment which should have resulted in retroactive credits favoring Plaintiff, but she failed and refused to apply these credits.  Amended Complaint at p. 4.  Again, Plaintiff fails to allege facts to show that Warden Dowling was authorized to award retroactive credits to Plaintiff or to otherwise determine his release date.

Defendant Dowling's status as Warden is not sufficient, without more, to state a claim for relief against her pursuant to § 1983.  "Supervisory status alone does not create § 1983 liability." *Gallagher*, 587 F. 3d at 1069 (citing *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008)).  A plaintiff must allege facts to show the warden personally participated in the deprivation of rights, that she exercised the requisite control or direction of the actions constituting the deprivation, or that she failed to supervise individuals who had the authority to take such actions.  *Id.; Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003).  Even if a warden receives copies of an inmate's correspondence with a responsible officer, that is not sufficient to establish the warden's personal participation in a constitutional rights violation.  *Davis v. Arkansas Valley Correctional Facility,* 99 F. App'x 838, 843 (10th Cir. 2004) (unpublished opinion).

Plaintiff's allegations against Warden Dowling are insufficient to establish personal participation.  To avoid dismissal, Plaintiff must allege facts, not conclusory allegations, sufficient to establish the Warden's personal participation in the alleged constitutional violations.  He has not done so in the Amended Complaint.

Plaintiff's allegations against Defendant Rogers are similarly deficient.  Plaintiff alleges that, as the Warden's Manager at JCCC, Rogers "was responsible for informing the Warden of the daily care and operation of the institute" and "the proper treatment and maintenance of inmates," and should have informed Warden Dowling of Plaintiff's complaint, but did not do so.  Amended

Complaint, p. 6.   For the reasons set forth in *Gallagher*, such allegations are insufficient to support the personal participation required for § 1983 liability.

With respect to Defendant Jones, Plaintiff has also failed to allege facts sufficient to show he personally participated in any claimed deprivation of Plaintiff's constitutional rights.   That he is the DOC Director does not, without more, establish potential liability because his supervisory status is not sufficient to show his personal participation.   *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).

For the reasons explained herein, Plaintiff's allegations against Defendants Cobb, Warden Dowling, Rogers and Jones in their individual capacities fail to include facts to show how each personally participated in the alleged deprivation of his rights.   Accordingly, the individual capacity claims against these defendants[3] are dismissed.   Having so ruled, the Court must determine whether Plaintiff should be granted leave to amend in order to cure these deficiencies.

Pursuant to Fed. R. Civ. P. 15, leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).   However, such leave is not automatic and may be precluded by various factors, including futility.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).   Where a court dismisses a cause of action for failure to state a claim, it may exercise its discretion to allow an amended complaint to cure the deficiency in the original complaint; however, it is not required to do so if the circumstances and the governing law render an amendment futile.  *Bauchman v. West*

---

[3]Defendants do not challenge the sufficiency of Plaintiff's allegations of personal participation by Defendants Jim Rabon or Becky Guffy.   As Plaintiff alleges, Defendant Rabon is the DOC Administrator of Sentence Administration and Offender Records. Amended Complaint at p. 8.   In that capacity, he had final authority to determine the release date for Plaintiff as well as whether Plaintiff was entitled to receive retroactive earned credits. According to Plaintiff's allegations, Defendant Rabon failed to properly calculate Plaintiff's release date.   The Amended Complaint may contain an error in the description of Becky Guffy's position, as Plaintiff alleges that she is also the Administrator of Sentence Administration and Offender Records.   Amended Complaint at p. 6.   Other material in the record describes her position as the JCCC Grievance Manager.   Notwithstanding the possible error in her job title, the remaining factual allegations are sufficient to satisfy the personal participation required as to Defendant Guffy.

*High School*, 132 F.3d 542, 559 (10th Cir. 1997) (citing *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996)).

In this case, Defendants' arguments in support of dismissal suggest that leave to amend could be deemed futile because it appears that, pursuant to DOC policies and regulations, Defendants Cobb, Dowling, Rogers, and Jones had no authority to take the actions demanded by Plaintiff, and could not have authorized the application of the retroactive credits he now seeks.  Although the DOC policies are public records, and the Court may take judicial notice of the same when considering a Rule 12(b)(6) motion to dismiss,[4] the Court concludes that consideration of the DOC policies is best reserved for a later stage of this litigation.

Accordingly, the Court cannot conclude that allowing Plaintiff to amend the individual capacity claims would be futile, as there may be factual allegations which could support the personal participation of some of the named defendants.  Therefore, Plaintiff is granted leave to file a Second Amended Complaint to cure the deficiencies in the Amended Complaint as to the claims asserted against the defendants in their individual capacities.  Leave is not granted, however, to reassert claims against Defendants in their official capacities, as such claims are barred by Eleventh Amendment immunity.  Plaintiff is cautioned that, to avoid dismissal, the Second Amended Complaint must include factual allegations, as opposed to conclusory statements, that could support the personal participation of each named defendant in the alleged constitutional violations.

b.  Qualified immunity:

---

[4]As Defendants note, the DOC policies are contained in the *Martinez* report filed in this case.  Defendants acknowledge that a *Martinez* report may generally not be considered in ruling on a Rule 12(b)(6) motion to dismiss.  *See, e.g., Christensen v. Big Horn County Board of County Commissioners*, 374 F. App'x 821, 825-26 (10th Cir. 2010) (unpublished opinion) (citing *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993)).  However, DOC policies are public records of which a court may take judicial notice, and such materials can be properly considered in ruling on a motion to dismiss.  *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

Defendants also argue that, even if Plaintiff amended the complaint to adequately allege their personal participation, they are entitled to dismissal on grounds of qualified immunity.

"Qualified immunity protects government officials performing discretionary functions from individual liability in federal claims unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Nielander v. Board of County Comm'rs,* 582 F. 3d 1155, 1166 (10th Cir. 2009) (quoting *Shero v. City of Grove*, 510 F.3d 1196, 1204 (10th Cir.2007); *see also Pearson v. Callahan*, 555 U.S. 223 (2009).

The correct standard for reviewing a motion to dismiss in a qualified-immunity case is the same as for dismissals generally. *Archuleta v. Wagner* 523 F.3d 1278, 1281 (10th Cir. 2008) (citing *Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir.2006). Thus, the Court must apply the *Twombly* standards to determine the sufficiency of the allegations. As the Tenth Circuit has held, to avoid dismissal based on qualified immunity, the "plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins,* 519 F.3d at 1249.

In this case, because the Court has authorized Plaintiff to file a Second Amended Complaint to cure the pleading deficiencies in the Amended Complaint, Defendants' qualified immunity contention should not be considered at this time. Defendants may, however, assert that argument in connection with a subsequent motion, if appropriate.

Conclusion:

For the foregoing reasons, Defendants' motion to dismiss [Doc. No. 36] is GRANTED. All claims asserted against Defendants in their official capacities are dismissed, and leave to amend to reassert such claims is not authorized. The claims against Defendants in their individual capacities

are also dismissed.  However, subject to the limitations set forth herein, Plaintiff is granted leave to file a Second Amended Complaint to cure the deficiencies in the allegations against Defendants in their individual capacities.    The Second Amended Complaint shall be filed no later than 21 days following the date of this Order.  Defendants shall respond to the Second Amended Complaint according to the deadlines set forth in the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

IT IS SO ORDERED this 9th day of April, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE