# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SHAWN NELSON STAATS,             )
                                 )
       Plaintiff,              )
                                 )
vs.                              )   NO. CIV-11-417-D
                                 )
ROBIN COBB, et al.,              )
                                 )

## ORDER

Before the Court is Defendants' Motion to Dismiss and Brief in Support [Doc. No. 45]. Defendants seek dismissal of Plaintiff's Second Amended Complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff, appearing *pro se*, has filed a response [Doc. No. 47] and the matter is fully briefed and at issue.[1]

## Factual Allegations of the Second Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. In the Second Amended Complaint, Plaintiff alleges that on July 10, 2008 he was convicted and sentenced in Case No. CF-07-285, District Court of McClain County, State of Oklahoma to a term of six year's imprisonment, with all but five years suspended. *See* Second Amended Complaint at p. 3, footnote 1. Plaintiff alleges the sentence was ordered to run concurrent with two convictions in the District Court of Oklahoma County, State of Oklahoma and, according

---

[1]Plaintiff filed an Amended Complaint on January 23, 2012 [Doc. No. 15]. Defendants filed a Motion to Dismiss [Doc. No. 36] and sought dismissal on the following grounds: (1) Eleventh Amendment immunity barred Plaintiff's official capacity claims; (2) Plaintiff's allegations of personal participation were deficient as to individual capacity claims; and (3) even if allegations of personal participation were sufficient, Defendants were entitled to qualified immunity. The Court entered its Order [Doc. No. 41] and dismissed the official capacity claims without further leave to amend. The Court further dismissed the individual capacity claims finding Plaintiff's allegations of personal participation deficient, but granted Plaintiff leave to amend to cure the deficiencies in the allegations. Based on that finding, the Court declined to address the issue of qualified immunity. Plaintiff filed a Second Amended Complaint on April 30, 2013 [Doc. No. 42].

to Plaintiff, he was to be given credit for time served on the Oklahoma County convictions, retroactive to December 16, 2007. *Id*.

During his period of incarceration, Plaintiff alleges that he discovered the Oklahoma Department of Corrections (ODOC) was administrating the McClain County sentence as consecutive to the Oklahoma County sentences. *Id*. Plaintiff contends Defendants ignored the terms of an Amended Judgment and Sentence entered in the McClain County Case on March 26, 2009 which ordered his sentence to run concurrent with the Oklahoma County sentences, with credit retroactive to December 16, 2007. *Id*. *See also* Second Amended Complaint at p. 4 ("[F]rom the courts submitted Amended Judgment, it was clear Plaintiff had a clearly established right to be released as so ordered per the courts [sic] Amended Judgment."). As a result, Plaintiff contends the ODOC erroneously calculated that he had approximately 301 additional days (ten additional months) to serve on the McClain county sentence after discharge of the Oklahoma County sentences. *Id*. According to Plaintiff's allegations, he initiated the prison grievance process on June 18, 2010. *Id*. at p. 5.[2] Plaintiff alleges that he obtained no relief and contends that he served a period of wrongful incarceration for approximately ten months past the expiration of his McClain County sentence. Second Amended Complaint at pp. 7-8.

---

[2]Plaintiff references the grievance as "Attachment #2"; however, no attachments were included with the Second Amended Complaint. The grievance is included as Exhibit B, Attachment 5 to the Special Report previously submitted by Defendants [Doc. No. 33-7]. Plaintiff also attached the grievance to the Amended Complaint [Doc. No. 16] at pp. 3-6. Because Plaintiff makes reference to the grievance and clearly intended to include it as an attachment to the Second Amended Complaint, the Court considers it without converting Defendants' motion to dismiss into a motion for summary judgment. *See, e.g.,Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (when ruling on 12(b)(6) motion, courts must consider complaint in its entirety, including "documents incorporated into the complaint by reference"); *see also Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint."). The grievance establishes Plaintiff submitted a request to staff on June 18, 2010, followed by the formal grievance on July 7, 2010. The grievance was returned unanswered on grounds it was untimely on July 19, 2010.

Based on his alleged wrongful incarceration, Plaintiff claims a violation of his federal constitutional rights pursuant to the Fourth, Eighth and Fourteenth Amendments. Plaintiff seeks declaratory and injunctive relief, compensatory damages and punitive damages.

In moving for dismissal of the Second Amended Complaint pursuant to *Heck,* Defendants contend Plaintiff has not successfully challenged the ODOC's alleged unlawful administration of his sentence during the period of his incarceration. Defendants further allege Plaintiff was not diligent in pursuing such relief. Therefore, Defendants contend Plaintiff is barred from pursuing a claim for relief under 42 U.S.C. § 1983.

Although Plaintiff filed a response to Defendants' motion to dismiss, the response wholly fails to address the *Heck* issue raised by Defendants. *See* Response, "Reply One" – addressing Eleventh Amendment immunity; and "Reply Two" – addressing personal participation and qualified immunity [Doc. No. 47].

**Standard Governing Dismissal**

Defendants move for dismissal of the Second Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). A motion to dismiss should be granted where a Plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In applying this standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir.1990). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991). To survive a motion to dismiss, the allegations contained in the complaint "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008) (footnote omitted).

Because Plaintiff is not represented by an attorney, the allegations of the Second Amended Complaint must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Plaintiff's *pro se* status, however, does not relieve him of the burden of alleging facts sufficient to permit the Court to conclude he could arguably prevail on a legal theory; the Court will not supply additional facts, nor construct a legal theory for a plaintiff that assumes facts that have not been pleaded. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## **Discussion**

In *Heck v. Humphrey*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.*, 512 U.S. at 486–87. The rule in *Heck* has been extended to claims challenging the results of administrative decisions that relate to the execution of a prisoner's sentence. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (applying *Heck* to prison inmate's claims challenging procedures used to deprive him of good time credits); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir.1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation); *Trafny v. United States*, 311 Fed. Appx. 92, 96 (10th

4

Cir.2009) (citing *Heck* for the proposition that the district court properly rejected a claim attacking the execution of a sentence because the sentence had not been invalidated). In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Following *Heck*, the reach of the favorable-termination requirement remains an unsettled issue. Where a § 1983 plaintiff can no longer seek habeas relief, the "circuits have split on the question of whether the *Heck* favorable-termination requirement applies." *Cohen v. Longshore*, 621 F.3d 1311, 1315 (10th Cir. 2010). In *Cohen*, an inmate "sought to invalidate his imprisonment through a 28 U.S.C. § 2254 petition but was prevented by his transfer out of Immigrations and Customs Enforcement custody, which mooted his habeas claim." *Id*. Weighing in on the circuit split, the Tenth Circuit held that "[i]f a petitioner is unable to obtain habeas relief – at least where this inability is not due to the petitioner's own lack of diligence – it would be unjust to place his claim for relief beyond the scope of § 1983 where 'exactly the same claim could be redressed if brought by a former prisoner who had succeeded in cutting his custody short through habeas.'" *Id*. (*quoting Spencer v. Kemna*, 523 U.S. 1, 21 (1998) (Souter, J., concurring)).

In the present case, Plaintiff's claims clearly challenge the validity of the execution of his McClain County sentence. Plaintiff does not allege, nor is there any indication that he has previously invalidated the ODOC's administration of that sentence. On this ground, Defendants seek dismissal of Plaintiff's claims pursuant to *Heck*.

5

Further, it is not clear whether Plaintiff may still challenge the execution of the McClain County sentence. Plaintiff discharged his sentence and presumably, therefore, cannot satisfy the "in custody" requirement for federal habeas relief. *See* 28 U.S.C. § 2241(c).[3]

Assuming, however, that Plaintiff cannot still challenge the execution of his sentence, Defendants contend that the exception to *Heck's* favorable termination requirement addressed by the Tenth Circuit in *Cohen* is not available to Plaintiff. Defendants contend that during the period of his continued incarceration, Plaintiff did not exercise diligence in pursuing relief. *See Carbajal v. Hotsenpiller*, 524 Fed. Appx. 425, 428 (10th Cir. 2013) ("A plaintiff's inability to obtain habeas relief lifts the *Heck* bar only if that 'inability is not due to the petitioner's own lack of diligence.'") (*quoting Cohen*, 621 F.3d at 1317); *see also Taylor v. City of Bixby, Oklahoma*, 2012 WL 6115051 at *8 (N.D. Okla. Dec. 10, 2012) (finding § 1983 claims barred by *Heck* where plaintiff was not diligent in pursuing state court remedies).

As set forth above, the allegations of the Second Amended Complaint demonstrate, at best, limited efforts by Plaintiff to obtain relief through the prison grievance system. Wholly absent from Plaintiff's Second Amended Complaint, however, is any allegation that he sought redress through the state or federal courts to challenge the execution of the McClain County sentence while he was still in custody. And Plaintiff makes no such allegations in response to Defendants' motion to dismiss. *See* Plaintiff's response at 2 (stating that Plaintiff "made every attempt to resolve the issue [a]dministratively" but making no allegation that any relief was sought through the courts).

The Court further takes judicial notice of a docket entry in the McClain County Case. *See State of Oklahoma v. Staats*, Case No. CF-07-285, District Court of McClain County, State of

---

[3]It is also not clear whether Plaintiff may still obtain redress through the state courts.

Oklahoma.[4] On April 29, 2009, the court entered an Order Denying Credit for Time Served and denied Petitioner retroactive credit for time served on the Oklahoma County sentences. Plaintiff, therefore, did not successfully invalidate the execution of the McClain County sentence. Additionally, Plaintiff did not act with diligence. Although the court entered the order on April 29, 2009 (more than one year before Plaintiff filed the prison grievance), Plaintiff made no efforts (whether by direct appeal or through habeas corpus) to obtain further relief through the courts thereafter, including the ten-month period of his alleged wrongful incarceration. *Compare Griffin v. Hickenlooper*, 2012 WL 3962703 at *3 (D. Colo. Sept. 10, 2012) (where complaint contained no allegations to indicate that petitioner was unable to challenge his illegal parole hold during fourteen-month period he alleged he was subject to such hold, petitioner was not diligent and claim was dismissed without prejudice as barred by *Heck*). Based on the foregoing, the Court finds that Plaintiff's claims are barred by *Heck* and dismisses those claims without prejudice to refiling. *See Bryner v. Utah*, 429 Fed. Appx. 739, 744 (10th Cir. 2011) ("[C]laims dismissed on *Heck v. Humphrey* grounds should be dismissed without prejudice.") (*citing Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996)).

Plaintiff did not request leave to further amend his pleading. *See Garman v. Campbell County School Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010) (court is not required to consider leave to amend where plaintiff did not file a written motion requesting such relief); *see also Calderon v.*

---

[4]The Court can take judicial notice of the McClain County docket entry without converting the motion to dismiss into a motion for summary judgment. *See, e.g., Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008) (district court correctly considered documents in state court file in granting dismissal pursuant to Fed. R. Civ. P. 12(b)(6)). *See also Rose v. Utah State Bar*, 471 Fed. Appx. 818, 820 (10th Cir. 2012) (district court properly took judicial notice of filings in state-court disciplinary proceedings and two prior actions without converting motion to dismiss into motion for summary judgment); *Stone v. Whitman*, 324 Fed. Appx. 726, 728 (10th Cir. 2009) (district court properly took judicial notice of records from proceedings in small claims court in dismissing section 1983 action as untimely).

*Kansas Dept. of Social & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999) (district courts are not required "to engage in independent research or read the minds of litigants to determine if information justifying an amendment exists") (quotation omitted); *Curtis Ambulance of Fla. v. Board of County Comm'rs*, 811 F.2d 1371, 1386 n. 15 (10th Cir.1987) (a court is not obligated to conduct a plaintiff's case for him when he fails to seek to amend a pleading). If Plaintiff were to request leave to further amend the complaint, such request could be denied on grounds of futility. *See Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) ("[A] district court may refuse to allow amendment if it would be futile.").

Plaintiff has now twice amended the complaint but has made no allegations that he successfully challenged the execution of his McClain County sentence. Although Plaintiff's prior amendments were not directed at a dismissal pursuant to *Heck*, it is doubtful that Plaintiff, under the circumstances here, could cure the present deficiencies through amendment in this action. Plaintiff has confessed the issues raised by Defendant's motion to dismiss because he wholly failed to address those issues – including his lack of diligence in pursuing relief through the courts during the period of his continued incarceration.

Moreover, the filing of a motion to dismiss gives a plaintiff notice that his complaint is potentially deficient and the opportunity to amend his complaint to cure the deficiencies. *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Plaintiff has not requested such opportunity. Therefore, the dismissal is without leave to amend in this action. *See Higgins v. City of Tulsa, Oklahoma*, 103 Fed. Appx. 648, 652 (10th Cir. 2004) (dismissing plaintiffs' § 1983 claim without prejudice as barred by *Heck* and finding that allowing plaintiffs' leave to amend would be futile).

Accordingly, Defendants' Motion to Dismiss Second Amended Complaint [Doc. No. 45] is GRANTED and Plaintiff's Second Amended Complaint is dismissed without prejudice.[5]

IT IS SO ORDERED this 6th day of March, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] Defendants also seek dismissal of Plaintiff's official capacity claims in the Second Amended Complaint. The Court previously dismissed those claims as raised in the amended complaint, *see* Order [Doc. No. 41], without further leave to amend.